UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RICHARD ORTIZ**       **#16484-014** | : | **DOCKET NO. 15-cv-2200** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **BECKY CLAY** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Richard Ortiz ("Ortiz"). Ortiz is an inmate in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

Ortiz pleaded guilty to possession with intent to distribute and distribution of five or more grams of cocaine base. Doc. 1, p. 2. On March 4, 2008, he was sentenced to 180 months incarceration by the United States District Court for the District of Connecticut. *Id.* at 1–2. He filed

an unsuccessful motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the trial court.[1] *Ortiz v. United States*, 3:09-cv-349 (D. Conn. Apr. 17, 2009), doc. 1; doc. 5.

Ortiz filed the instant *habeas* petition on August 14, 2015, claiming that he is actually innocent of being a career offender as his prior convictions do not qualify as predicates for enhancement purposes. Doc. 1, p. 5.

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Ortiz challenges the imposition rather than execution of his sentence. Therefore his claim should be advanced in a § 2255 motion to vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief…shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A prisoner seeking such relief under the savings clause must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that

---

[1] Ortiz later filed a *habeas* petition pursuant to 28 U.S.C. § 2241 with this court on September 16, 2014. *See Ortiz v. Maiorana*, 2:14-cv-2738, doc. 1. He alleged that he had been denied due process in regard to a disciplinary action. *Id.* The matter was dismissed by this court on December 4, 2015. *Id.* at doc. 7.

he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* at 830.

The Fifth Circuit has consistently disallowed claims attacking sentence enhancements under the savings clause. *In re Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011). A claim of actual innocence of a sentencing enhancement is not a claim of innocence of the crime of conviction. *Id.* (citing *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000)). Therefore Ortiz's claim does not satisfy the savings clause. His claims are not properly brought under § 2241 and this court lacks jurisdiction to consider his claims under § 2255.

### III.
#### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 8th day of February, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE